### GEO. A. TITTERINGTON v. J. M. KIRBY.

Decided November 23, 1907.

**Boundary—Question of Fact.**

When the evidence is conflicting upon a question of boundary it is the duty of the trial court to submit the question to the jury. In a boundary suit, evidence considered, and held to present a question of fact which should have been submitted to the jury, and a peremptory instruction was therefore erroneous.

Error from the District Court of Dallas County. Tried below before Hon. Richard Morgan.

*Gano, Gano & Gano,* for plaintiff in error.—That a peremptory instruction should not have been given, cited: Duren v. Presberry, 25 Texas, 518; New York & Texas Ld. Co. v. Thomson, 83 Texas, 179; Warden v. Harris, 47 S. W. Rep., 834; Disney v. Coal Cr. Min. Co., 11 Lea (Tenn.), 607; 1 Blashfield on Instructions to Juries, sec. 5, p. 9, and authorities cited.

The evidence adduced and applied under the fixed rules of law determines the footsteps of the surveyor; and hence the fact that the Payne survey contains more or less than the amount called for is wholly immaterial, and the jury should have been so instructed as the charge requested. In determining the footsteps of the surveyor, course and distance are of less importance than natural objects, or artificial marks, and distance alone is wholly unreliable. Maddox v. Fenner, 79 Texas, 291; Warden v. Harris, 47 S. W. Rep., 834; Branch v. Simmons, 48 S. W. Rep., 41.

*Thompson & Thompson* and *Jeff Word,* for defendant in error.— The court did not err in giving a peremptory charge in favor of defendant in error, because the evidence was such that all reasonable minds would therefrom conclude that the land in controversy was part of the Thomas Payne survey. Joske v. Irvine, 91 Texas, 575.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought to recover a small strip of land located in recent years between two old surveys, to wit, the Jesse Starkey and the T. Payne, situated in Dallas County, in which the right of plaintiff, appellant here, to recover, depended upon the correct location of the western boundary of the Payne survey. The field notes of this survey contain erroneous and contradictory calls, particularly the calls for its southwest corner, in that the south-

east corner of the Jesse Starkey and the northeast corner of the H. H. Hall survey, also an old survey, are called for as a common point, whereas the southeast corner of the Jesse Starkey is west of the northeast corner of the Hall the width of the strip of land in controversy, both of these corners being still well marked by objects found on the ground. There was also evidence of marked lines running north from each of these corners. If the south line of the Payne be extended to the southeast corner of the Starkey there would be a slight excess in the quantity of land called for in the Payne, and if controlling effect be given to the call for the northeast corner of the Hall a slight deficiency results, the deficiency, however, being considerably greater than the excess.

In submitting the case to the jury the court, in a charge reviewing the evidence at considerable length, reached the conclusion that the western boundary of the Payne should be established by the call for the southeast corner of the Starkey, rather than by the conflicting call for the northeast corner of the Hall, and instructed the jury to return a verdict accordingly, on which the judgment appealed from was entered.

It seems clear to us, however, that even on the facts recited in this charge appellant was entitled to have the jury in the first instance determine the issue. This conclusion involves a consideration of numerous circumstances, but in view of another trial we abstain from a discussion of the relative importance and weight of these circumstances. The matter to be ascertained from the sketch and field notes of the locating surveyor, read in the light of all other relevant facts and circumstances in evidence, was: Where did he intend to place the western boundary of the Payne survey? That, in view of the conflicting calls and other elements of uncertainty, was clearly an issue of fact, and however cogent may be the reasons for the view entertained by the trial court, as set forth in the charge, we are unable to say that the circumstances to the contrary were entitled to no weight whatever.

The judgment is therefore reversed, and the cause remanded for a new trial.

*Reversed and remanded.*